## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT DESHAWN SIMPSON,

                Petitioner,             Case Number: 2:11-CV-11758

v.                                HONORABLE DENISE PAGE HOOD

STEVEN RIVARD,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner, Robert DeShawn Simpson, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan, challenges his convictions for second-degree murder and felony firearm. Respondent argues that the petition should be denied because the claims are procedurally defaulted and/or meritless. For the reasons discussed, the Court denies the petition.

### I.    Background

Petitioner was charged in Wayne County Circuit Court with first-degree murder, felon in possession of a firearm, and felony firearm in connection with the shooting death of Randy Duffy on July 6, 2006. On March 14, 2007, Petitioner pleaded guilty to second-degree murder and possession of a firearm during the

commission of a felony.  On April 16, 2007, he was sentenced to 40 to 60 years in prison for the murder conviction, to be served consecutively to two years in prison for the felony-firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  He raised these claims:

I.    Is defendant entitled to resentencing when the statutory sentencing guidelines were exceeded?

II.   Did the trial court err in denying defendant's motion to vacate reimbursement of attorney fees and other costs when defendant does not have the ability to reimburse?

The Michigan Court of Appeals, in lieu of granting leave to appeal, vacated the order requiring Petitioner to pay attorney fees and remanded for a determination as to Petitioner's ability to pay.  *People v.  Simpson*, No.  283426 (Mich. Ct. App. March 14, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  He raised the same sentencing-related claim raised in the Michigan Court of Appeals.  The Michigan Supreme Court denied leave to appeal.  *People v.  Simpson*, 482 Mich. 1029 (Mich. 2008).

Petitioner then filed a motion for relief from judgment in the trial court.  He raised these claims:

I.    The plea was not voluntarily, understandingly, and intelligently made

2

because the court failed to advise the defendant of his rights.

II.     The plea was involuntary because the defendant was taking psychotropic medication and the court failed to ascertain his mental status at the time of the plea.

III.    The plea was involuntary because trial counsel was ineffective.

The trial court denied the motion for relief from judgment. *People v. Simpson*, No. 06-011622-01 (Wayne County Cir. Ct. Feb. 19, 2010).

The Michigan Court of Appeals and Michigan Supreme Court each denied Petitioner's subsequent applications for leave to appeal. *People v. Simpson*, No. 297793 (Mich. Ct. App. July 30, 2010); *People v. Simpson*, 488 Mich. 1046 (Mar. 8, 2011).

Petitioner then filed the pending habeas petition. He raises these claims:

I.      Petitioner is entitled to resentencing when the statutory guidelines were exceeded.

II.     Petitioner is entitled to resentencing when the statutory sentencing guidelines were mis-scored as to the offense variables, which affected the sentencing guideline range.

III.    Petitioner's plea of guilty was not voluntary, understanding, and intelligently made where the trial court neglected to advise him of several of the rights he was relinquishing, including his right of confrontation; Petitioner should be allowed to withdraw his plea and, if he is re-prosecuted, the charge must be no higher than second-degree murder.

IV.     Due process requires plea withdrawal where Petitioner was taking psychotropic medication and the court failed to ascertain Petitioner's

3

mental state at the time of the plea proceeding.

V.    Petitioner should be allowed to withdraw his guilty plea and proceed to trial as his plea was involuntary due to the ineffective assistance of counsel.

## II.    Standard

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"

4

*Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413)). However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases — indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002)).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

6

1.     **Discussion**

a.     **Sentencing Claims**

Petitioner's first and second habeas claims relate to his sentence of 40 to 60 years' in prison for the second-degree murder conviction.  Petitioner argues that the trial court improperly exceeded the sentencing guidelines without offering a substantial and compelling reason for doing so.  He also argues that the trial court mis-scored offense variables, though he fails to identify which offense variables he challenges.

"The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, __ U.S. __, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)).  The requirement that a sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law.  *See* Michigan Compiled Laws § 769.34(3).  Whether a state court judge articulates substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law.  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D.

7

Mich. 2006). "[A] mere error of state law is not a denial of due process." *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 863 (2011) (internal quotations omitted). Thus, this claim is not cognizable on federal habeas review.

Petitioner's argument that the state court erred in scoring his sentencing guidelines is also based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, habeas corpus relief is not available for this claim.

### b.     Voluntariness of Plea

Next, Petitioner claims that his plea was involuntary because the trial court did not inform him before accepting the plea what rights he would be giving up by entering a plea.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The trial court, in denying Petitioner's motion for relief from judgment, concluded that Petitioner was adequately informed of the rights he would be waiving by pleading guilty. First, the trial court found that the Settlement Offer and Notice of Acceptance, signed by Petitioner, lists the rights a defendant waives by entering a plea. Second, the trial court noted that the court confirmed that Petitioner had reviewed the enumerated rights listed at the bottom of his plea form. Finally, the trial court held that both parties indicated satisfaction with the procedures followed in acceptance of the plea.

9

The Supreme Court has not held that a particular script must be followed during the acceptance of a plea.  The Sixth Circuit Court of Appeals has held that neither the Constitution nor Supreme Court precedent require a court to enumerate each constitutional right waived by a guilty or no contest plea and elicit separate waivers as to each.  *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975).  In this case, although each right waived was not specifically and verbally enumerated by the trial judge, Petitioner clearly was informed by virtue of the plea form and settlement offer what rights would be waived by entry of a plea.  The trial court's decision that the plea was knowingly and voluntarily entered is not contrary to or an unreasonable application of Supreme Court precedent.

### c.    Mental Competency

In his fourth claim, Petitioner argues that his plea was involuntary because the trial court failed to ascertain his mental competence before accepting the plea.

The Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial.  *Medina v. California*, 505 U.S. 437, 439 (1992); *see also Pate v. Robinson*, 383 U.S. 375, 378 (1966). The standard governing competency to stand trial is: "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding

10

of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). If, at any point, "before or during trial 'sufficient doubt' arises about a defendant's competence — 'the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense' — the trial court should order a competency hearing." *Cowans v. Bagley*, 639 F.3d 241, 247 (6th Cir. 2011) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). The competency standard for entering a guilty or no contest plea is the same as that for standing trial. *Godinez v. Moran*, 509 U.S. 389, 396-401 (1993). A state court's "determination of competence is a factual finding, to which deference must be paid." *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir.2006) (citing *Thompson v. Keohane*, 516 U.S. 99, 110–11 (1995)). The test for whether a trial court erred in not holding a proper hearing is whether a reasonable judge in that position would have "experienced doubt with respect to competency to stand trial." *Id.*

In this case, the trial court addressed Petitioner's competence claim in its order denying him relief from judgment and held:

> [D]efendant was ordered to undergo a psychological exam to determine his competency to stand trial on November 17, 2006. Defendants' competency hearing was scheduled for December 21, 2006, but was adjourned because of a defense motion to appoint an independent investigator. On March 14, 2007, the parties stipulated to the reports generated by the psychiatric forensic center and the independent examination regarding competency and the

11

> court found defendant competent to stand trial.
> Additionally, although defendant contends that the court
> failed to ascertain whether he was on medication at the time
> of the plea, this was irrelevant, because pursuant to the
> statute and the attending case law, the only requirement is
> that the court establishes that the defendant was competent
> to stand trial, which in this case, was established.

*Simpson*, slip op. at 5.

There are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," *Drope v. Missouri*, 420 U.S. 162, 180 (1975), "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required." *Id.* These "open-ended standards" and "high threshold" for establishing incompetence allow state courts "wide latitude" in determining whether to hold a competency hearing. *Cowans*, 639 F.3d at 247. "When assessing whether a state court's application of federal law is unreasonable, 'the range of reasonable professional judgment can depend in part on the nature of the relevant rule' that the state court must apply." *Renico v. Lett*, 559 U.S. 766, 775 (2010) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "'[T]he more general the rule' at issue . . . 'the more leeway state courts have in reaching outcomes in case-by-case determinations.'" *Id.* at 776 (quoting *Yarborough*, 541 U.S. at 664). Because the standard for competence is a general one, the state courts must be granted

12

considerable leeway in its application.

In this case, the trial court held that the record did not support Petitioner's argument that a competency hearing should have been held. To rebut the state court's finding of competence, Petitioner must present "clear and convincing evidence" of incompetence. *Woodley v. Bradshaw*, 451 F. App'x 529, 538 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1)). Petitioner simply fails to present any evidence to rebut the state court's finding of competence or to show that, under these circumstances, a reasonable judge would have held a hearing. The state court's finding of competency was not an unreasonable determination of the facts on the evidence presented at the state court hearings, nor was it rebutted by clear and convincing evidence.

### d.     Ineffective Assistance of Counsel Claim

Finally, Petitioner argues for habeas corpus relief on the ground that his trial attorney was ineffective. To support his ineffective assistance of counsel claim, Petitioner argues generally that his attorney prevented him from presenting a defense or challenging the charges against him and improvidently allowed him to enter a plea agreement that exceeded his sentencing guidelines.

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability

13

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.*  The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

The last state court to address the merits of this claim held that Petitioner failed to show that his attorney rendered ineffective assistance. *Simpson*, slip op. at 5-6. Petitioner provides no support for his claim that his attorney denied him his right to present a defense or prevented him from challenging the charges against him.  The plea colloquy shows that Petitioner understood the charges against him and the sentencing agreement. Petitioner has failed to show that the state court's decision that his attorney was effective is contrary to or an unreasonable application of *Strickland*. Habeas relief is denied.

14

### 2.        Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

15

**3.        Conclusion**

For the foregoing reasons,

   **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate

of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

   **IT IS SO ORDERED**.


                                         S/Denise Page Hood
                                         DENISE PAGE HOOD
                                         UNITED STATES DISTRICT JUDGE


DATE: November 26, 2013


I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on November 26, 2013, by electronic means and/or ordinary
mail.

                                         s/Holly Monda for LaShawn Saulsberry
                                         Case Manager

16