# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DESHAWN SIMPSON,

        Petitioner,        Case Number: 2:11-CV-11758

v.        HONORABLE DENISE PAGE HOOD

STEVEN RIVARD,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on Petitioner Robert DeShawn Simpson's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6). The motion concerns the Court's denial of habeas relief in November 2013 and his subsequent failure to timely file a notice of appeal or seek an extension of time to file a late appeal within the prescribed time for dong so.

Petitioner seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Under that Rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released,

or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Petitioner relies upon Rule 60(b)(6). "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corporation*, 910 F.2d 357, 365 (6th Cir. 1990) (quotation omitted). It is invoked only in those "unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Rule 60(b)(6) exists to allow courts to vacate judgments whenever such action is appropriate to accomplish justice in extraordinary circumstances. *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949).

Petitioner seeks to have the Court re-issue its order denying habeas relief in order to reinstate the time for filing a notice of appeal. Petitioner is not entitled to relief from judgment in this case. Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed with the district court "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Petitioner failed to comply with that time limit. Rule 4(a) allows a district court to extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows

2

excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). Petitioner did not file a motion to extend the time to file a notice of appeal.[1]

Rule 4(a)'s time limits are codified by statute, *see* 28 U.S.C. § 2107(a), and, therefore, are "mandatory and jurisdictional." *See Bowles v. Russell*, 551 U.S. 205, 209, (2007) (citing cases and explaining that federal appellate courts "routinely and uniformly dismiss untimely appeals for lack of jurisdiction"). Because Rule 4(a) is jurisdictional, Rule 60(b) may not be used to circumvent its time requirements and extend or re-open the

---

[1] Rule 4(a) also provides that a district court may reopen the time to appeal in limited circumstances:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Petitioner does not claim that he failed to receive notice of the Court's decision denying habeas relief nor has he filed this motion within 180 days after the denial of habeas relief. Consequently, this provision is inapplicable.

time for filing a notice of appeal.  *See Hall v. Scutt*, 482 F. App'x 990, 991 (6th Cir. 2012); *Farner v. Workman*, 302 F. App'x 762, 764-65 (10th Cir. 2008).  The Court, therefore, concludes that it may not grant relief under Rule 60(b)(6) in order to allow Petitioner to escape Rule 4's time limits for filing a notice of appeal.

Accordingly, the Court DENIES Petitioner's Motion for Relief from Judgment (dkt. # 20).

SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  January 21, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 21, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager